UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JESSE-JAMES GULLEY, JR., *Pro Se*, | ) | Case No.: 1:24CV101 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| Defendants | ) | <u>AND ORDER</u> |

**Background**

Plaintiff Jesse-James Gulley, Jr., proceeding *pro se*, has filed a fee-paid "Civil Rights Complaint Pursuant to 42 U.S.C. [§] 1983." (Doc. No. 1.) He sues multiple federal and state defendants, including the United States, United States Attorney General Merrick Garland, Assistant United States Attorney Aaron P. Howell, District Court Judge James Gwin, Magistrate Judge William H. Baughman, Clerk of Court Sandy Opacich, United States Probation Officer Ashley Franks, Sixth Circuit Court of Appeals Chief Judge Jeffrey S. Sutton (collectively the "federal defendants"); and Stark County Court of Common Pleas Judge Kristine Farmer, Ohio Adult Parole Authority Parole Service Coordinator Richard Baxter, and Canton Police Officer Michael Volpe (collectively the "state defendants").

His 59-page complaint and 140 pages of attached exhibits are rambling, convoluted, and

impossible to parse for specific factual allegations and legal claims against each of the defendants, but it is clear his complaint pertains to his federal criminal conviction in *United States v. Gulley*, No. 5:17-cr-493 (N.D. Ohio). In March 2018, plaintiff pled guilty in that case to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Judge Gwin sentenced him to 48 months' imprisonment followed by 3 years' supervised release. The Sixth Circuit upheld his conviction and sentence on appeal. *United States v. Gulley*, 780 Fed. Appx. 275 (6th Cir. 2019). He was subsequently denied post-conviction relief.

Although his pleadings are convoluted and unclear, he generally contends his rights were violated in his criminal case because he was unlawfully arrested without a valid arrest warrant, that probable cause was manufactured by Officer Volpe, that AUSA Howell unlawfully arrested and prosecuted him, that Judge Gwin made incorrect rulings in his case, and that Judge Sutton improperly denied his complaint for judicial misconduct against Judge Gwin.

He refers to a number of constitutional provisions and other federal and state laws throughout his complaint, but his complaint lists only the following specific five "claims": "(Extrinsic Fraud) Deliberate Fabrication of Evidence in Violation of the Fourteenth Amendment Due Process" (First Claim for Relief, Doc. No. 1 at 35); "(Abuse of Process) Extrinsic Fraud" related to the procurement of his arrest warrant (Second Claim for Relief, *id.* at 36-37); "Material Misrepresentation" relate to the prosecutor's alleged use of "fabricated evidence" (Third Claim for Relief, *id.* at 40-41); "Kidnapping or Abduction (Abuse of Process/False Arrest False Imprisonment)" on the basis he was arrested without a proper arrest warrant (Fourth Claim for Relief, *id.* at 44); and "Judicial Misconduct" on the part of Judge Gwin in allowing AUSA Howell to prosecute the case against him despite his objections to the warrant and probable cause. (Fifth Claim for Relief, *id.* at 47, 50-51.)

He also contends that Judge Gwin, AUSA Howell, and Judge Sutton "conspired to keep it a deep dark secret that involved [AUSA] Howell['s] trickery and deceitful practices." (*Id*. at 52, ¶ 234.)

For relief, he seeks over $4 million in monetary and punitive damages and an order "terminat[ing] any contractual agreements" he has with U.S. Pretrial Services and Probation Officer Frank in connection with his federal sentence. (*Id*. at 59.)

All of the state defendants have filed motions to dismiss the complaint pursuant to Federal Rule of Civil P 12. *See* Motion to dismiss for failure to state a claim, with memorandum in support, filed by Defendant Richard Baxter. (Doc. No. 7); Motion to dismiss for failure to state a claim and lack of subject matter jurisdiction with memorandum filed by Defendant Kristine Farmer (Doc. No. 11); and Motion to dismiss filed by Defendant Mike Volpe (Doc. No. 13.)

The federal defendants have filed a motion for an extension of time, until May 21, 2024, to file an answer or other response to plaintiff's complaint. (Doc. No. 8.) Despite this, plaintiff filed a motion for default against the federal defendants on March 25, 2024. (Doc. No. 14)

Plaintiff's motion for default is denied as there is no valid basis for entry of default against the federal defendants. In addition, the Court does not find it necessary to determine the parties' remaining pending motions, or to consider any responsive pleading filed by any defendant, because the Court finds upon its own review that plaintiff's complaint must be dismissed.

## Standard of Review and Discussion

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the lenient treatment generally accorded *pro se* pleadings "has limits," and *pro se* plaintiffs are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.

1996).

District courts are courts of limited jurisdiction, and a district court may *sua sponte* dismiss any complaint for lack of subject matter jurisdiction when the court determines that the allegations of the complaint are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *Sua sponte* dismissal of even a fee-paid complaint is appropriate without affording the plaintiff an opportunity to amend where the plaintiff's claims "lack the legal plausibility necessary to invoke federal subject matter jurisdiction." *Id*. at 480.

The Court finds that plaintiff's complaint warrants dismissal pursuant to *Apple v. Glenn*. Even liberally construed, plaintiff's claims – whatever they specifically are – are totally implausible, without merit, or no longer open to discussion.

First, plaintiff's claims are totally implausible and without merit to the extent he seeks an order from this Court "terminating" agreements he has with U.S. Pretrial Services and Probation in connection with his federal sentence. A plaintiff cannot bring a civil rights action collaterally attacking his federal conviction or sentence. *See Penson v. Mnuchin*, Case No. 4:20 cv 0376, 2020 WL 4432935, at *2 (N.D. Ohio July 31, 2020). To the extent plaintiff seeks to vacate any portion of his federal sentence, his remedy is a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which relief he has already been denied.

Second, plaintiff's complaint is devoid of merit and totally implausible to the extent he seeks damages, against any defendant, under § 1983 or *Bivens v. Six Unknown Named Agents of Federal*

4

*Bureau of Narcotics*, 403 U.S. 388 (1971).[1]

Most of the defendants are immune from suit, or cannot be sued for damages under § 1983 or *Bivens*.

"It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988), citing *Pierson v. Ray*, 386 U.S. 547, 553 (1967). Absolute judicial immunity shields judicial officers from damages suits arising out of the performance of their judicial or quasi-judicial functions even when they act erroneously or in bad faith. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). There are only two sets of circumstances in which a judicial officer is not entitled to immunity. A judge is not immune from liability for "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity," or for actions "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12.

Plaintiff's action as against Judges Sutton, Gwin, Baughman, and Farmer, and District Court Clerk of Court Opacich pertains to conduct occurring during their performance of their official judicial or quasi-judicial functions, either in connection with plaintiff's criminal case or with respect to his complaint alleging judicial misconduct against Judge Gwin, as to which they are absolutely immune from a damages suit. Plaintiff does not allege cogent facts plausibly suggesting that any of these defendants took action falling outside of the scope of their absolute judicial or quasi-judicial

---

[1] Plaintiff labeled his complaint as brought under § 1983, but that statute applies only to violations of the Constitutional or federal law committed by persons acting under color of state law. Because plaintiff sues state *and* federal defendants, his complaint is construed as brought under § 1983 with respect to the state defendants, and under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) with respect to the federal defendants. *Bivens* recognized a limited private right of action for certain constitutional violations allegedly committed by federal employees or their agents.

immunity.

Likewise, prosecutors, have absolute immunity from liability for their conduct "in initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Plaintiff's complaint does not allege cogent facts plausibly suggesting that AUSA Howell engaged in conduct falling outside of the scope of his absolute prosecutorial immunity in initiating the federal prosecution against plaintiff and presenting the Government's case.

Plaintiff's complaint is also devoid of merit to the extent he seeks damages against the United States. The United States, as a sovereign, is immune from suit unless it explicitly waives its immunity. *United States v. Sherwood*, 312 U.S. 584, 590-91 (1941). The United States has not consented to suit for violations of federal rights under *Bivens*. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994).

In *Bivens*, the Supreme Court found that the Fourth Amendment constituted a waiver of sovereign immunity in actions against federal officers sued in their individual capacities. Since *Bivens* was decided, the Supreme Court has recognized *Bivens* claims against individual federal employees in only two other contexts: (1) in a Fifth Amendment gender-discrimination case, *Davis v. Passman*, 442 U.S. 228 (1979); and (2) in a failure to provide medical treatment Eighth Amendment case, *Carlson v. Green*, 446 U.S. 14 (1980). The Supreme Court has now made it clear that federal courts should refrain from extending *Bivens* outside of the three specific contexts in which it has already been applied. *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1855 (2017) (reasoning that Congress provided a specific damages remedy for plaintiffs whose constitutional rights were violated by state officials through § 1983, but did not provide a corresponding remedy for constitutional

6

violations by federal officials).

Here, Plaintiff does not allege cogent facts permitting a plausible inference that either of the remaining two federal defendants he sues, United States Attorney General Merrick Garland and United States Probation Officer Ashley Franks, engaged in conduct falling within the specific contexts that have been recognized for *Bivens* suits, and there is no basis to imply a cause of action against these federal defendants here.

Finally, in *Heck v. Humphrey*, 512 U.S. 477, 477 (1994), the Supreme Court held that "[i]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must [first] prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is *not* cognizable under § 1983. *Id.* (emphasis in original).

The *Heck* favorable-termination rule also applies to civil rights action brought against federal defendants under *Bivens*. *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001).

Here, with the possible exception of claims he purports to assert against Judge Sutton (who is immune from plaintiff's suit), plaintiff's remaining civil rights claims against the individual state and federal defendants all necessarily imply the invalidity of his federal conviction or sentence in *United States v. Gulley*, No. 5:17-cr-493 (N.D. Ohio). Accordingly, because he has not demonstrated or alleged that his conviction or sentence has been set aside or invalidated in any of the ways articulated in *Heck*, his claims are simply not cognizable. *See Robinson v. Jones*, 142 F.3d

7

905 (6th Cir. 1998) (holding that a federal prisoner's complaint asserting *Bivens* claims based on alleged Fourth Amendment violations by Assistant United States Attorney who successfully prosecuted the prisoner was properly dismissed where the prisoner failed to demonstrate "that his conviction has been declared invalid or otherwise impugned as set forth in *Heck*"); *Nagy v. Ohio*, No. 1: 21 cv 1140, 2021 WL 4553090, at *1–3 (N.D. Ohio Oct. 5, 2021) (dismissing under *Apple v. Glenn*, 183 F.3d 477, a civil rights action challenging the validity of a state criminal conviction where the plaintiff did not demonstrate *Heck's* favorable-termination requirement).

**Conclusion**

For all of the foregoing reasons, the Court finds that plaintiff's complaint lacks the legal plausibility necessary to invoke federal subject matter jurisdiction as to any federal claim against any defendant in the case, and his complaint is therefore dismissed pursuant to the Court's authority established in *Apple v. Glenn*. In light of this dismissal, all remaining pending motions are denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/S/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

April 26, 2024